**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                                **RESPONDENT**

**VS.**                                    **CASE NO. 4:05CR00003 JMM**
                                                        **4:07CV00318 JMM**

**DEERIC DEWAYNE BROYLES**                                                                 **PETITIONER**

**ORDER**

On October 26, 2005, petitioner, who was represented by counsel, entered a plea of guilty to charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute more than 50 grams of cocaine in violation of 21 U.S.C. § 841(a)(1).  On February 2, 2006, the Court entered an Order of Judgment and Commitment sentencing petitioner to 120 months incarceration on the firearm violation and 180 months on the illegal drug violation  These terms of incarceration were to be served concurrent followed by a period of supervised relief.   Petitioner did not take a direct appeal.

On March 30, 2007, petitioner, who is represented by counsel, filed a 28 U.S.C. § 2255 motion to vacate, set aside and correct his sentence contending that he had received ineffective assistance of counsel because his counsel who represented him at his guilty plea, and at his sentencing, failed to file a motion to suppress certain evidence and because his counsel had failed to file a requested notice of appeal.

1

Since the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), § 2255 motions have been subject to a one-year limitation period. *See* 28 U.S.C. § 2255; *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999) (amendment alleging ineffective assistance of counsel for failure to file an appeal filed without the one year period of limitation of the AEDPA untimely filed).

Judgment was entered in this case on February 2, 2006 and became final on February 12, 2006, upon the expiration of the ten-day period for filing a notice of appeal.[1] Petitioner had one year in which to timely file a motion under § 2255. The instant motion was filed on March 30, 2007. Accordingly, petitioner's action is time-barred under § 2255.

The Eighth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *See United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005). However, this equitable doctrine only applies "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id.* at 1093.

Petitioner contends that he requested the return of his case materials from his counsel so that he "might use them for post-conviction relief" and that his counsel refused to return his papers which "hindered his ability to move forward on seeking any relief."

---

[1] *See* Fed. R.App. P. 4(b) (giving defendant ten days from entry of judgment to file a notice of appeal); *U.S. v. Clay*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (holding that a conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires, or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari).

The Court finds that failure to possess case materials does not amount to extraordinary circumstances.  *Cf. Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2002) ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling").

The petition is dismissed as untimely (#55).

IT IS SO ORDERED this 20 day of June, 2007.

*/s/ James M. Moody*
James M. Moody
United States District Judge